UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GERRILEE GUSTASON, et al.,

    Plaintiffs,

v.

WASHINGTON STATE DEPARTMENT OF
SOCIAL & HEALTH SERVICES, et al.,

    Defendants.

Case No. CV05-5117RBL

ORDER DENYING DEFENDANTS'
MOTION FOR SUMMARY
JUDGMENT

## I. SUMMARY

This matter is before the court on the Defendants' Motion for Summary Judgment [Dkt. #32].

The case involves the relationship between the Department of Social and Health Services ("DSHS") and the Gustasons regarding the adequacy of care provided to Ashlee Gustason. The primary issue is the breadth of a Settlement Agreement reached by the parties in August of 2002. In the present action, Plaintiffs assert claims which they allege are not covered by the terms of the Settlement Agreement. Defendants disagree and move for summary judgment to dismiss all claims based on their assertion that such claims are precluded by the Settlement Agreement.

Ashlee Gustason contracted spinal meningitis at 17 months of age leaving her deaf. She was

ORDER- 1

adopted by Gerrilee, who is also deaf, when she was six years old.  Gerrilee has experienced considerable difficulty in raising Ashlee.  In 2000, Ashlee was diagnosed with Oppositional Defiance Disorder.  She ran away on several occasions.  On one such occasion in 2001, Ashlee assaulted a police officer and was placed in juvenile hall.

Following a four month stay in juvenile hall, Ashlee was admitted to Children's Psychiatric Unit in Seattle on a short-term basis.  It was recommended that she receive long-term residential placement in a facility with deaf peers and a staff able to communicate directly.  Gerrilee determined that no such facility existed in Washington.  Gerrilee pursued a number of avenues in an attempt to obtain the necessary funding to send Ashlee to the National Deaf Academy ("NDA") located in Florida.  After failing to acquire such funding through insurance or the State, Gerrilee decided to use her retirement savings to send Ashlee to the NDA.

In 2002, the Gustasons filed a complaint with the DSHS Office of Administrative Hearings, seeking reimbursement for costs associated with Ashlee's placement at the NDA.  On August 1, 2002, the Gustasons and DSHS entered into a Settlement Agreement, under which the parties released each other from all "released claims."  The Agreement states in pertinent part:

> 4.1    "Released Claims" means any and all demands, obligations, actions, causes of action, rights, damages, costs (including payment of attorneys fees), claims, counterclaims, and controversies at law or in equity or otherwise, whether direct or indirect, known or unknown, that the parties now own or hold, or at any time heretofore owned or held related to mental health services provided to Ashlee Gustason at the National Deaf Academy from January 24, 2002 to June 14, 2002.

Ashlee returned to Washington in June of 2002.  The NDA recommended that she continue to receive regular counseling throughout the summer from deafness specialists at Children's Hospital.  Gerrilee became aware of a newly established deaf teen peer group therapy session at Children's Hospital and sought approval for Ashlee to join.  Ashlee did not receive an appointment to initiate the intake process until mid-July and it was near the end of the summer before she was

ORDER- 2

admitted. Ashlee only participated in one or two meetings before the summer concluded and the group disbanded.

In February of 2005, the Gustasons instituted the present action, alleging that DSHS and the Peninsula Regional Support Network ("PRSN") did not follow state and federal regulations requiring culturally competent services either before or after Ashlee was enrolled at NDA.

## II. SUMMARY JUDGEMENT STANDARD

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy*, 68 F.3d at 1220.

## III. DISCUSSION

The parties disagree as to whether the Settlement Agreement encompasses the claims brought by the Plaintiffs in the present action. In interpreting the terms of a settlement agreement, courts are to apply the applicable state's principles under contract law. *Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1989). Interpretation of a settlement agreement is to be determined by the trier of fact if it depends on the credibility of extrinsic evidence or on a choice among reasonable inferences to be drawn. *Berg v. Hudesman*, 115 Wn.2d 657, 667-669 (1990). However, the interpretation of

unambiguous terms of a contract is a question of law. *Paradise Orchards General Partnership v. Fearing*, 122 Wn.App. 507, 517 (2004).

The Court cannot say as a matter of law that the Settlement Agreement releases Defendants from the claims asserted by the Plaintiffs in this action. Both parties have submitted substantial extrinsic evidence supporting their respective interpretations of the Settlement Agreement. Viewing such evidence in the light most favorable to the Plaintiffs, the Court believes that both parties assert a reasonable interpretation of the Settlement Agreement, presenting a material issue of fact. Therefore, Defendants' Motion for Summary Judgment [Dkt. #32] is DENIED.

IT IS SO ORDERED.

DATED this 9th day of February, 2006.

/s/ Ronald B. Leighton
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

ORDER- 4