UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GERRILEE GUSTASON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WASHINGTON STATE DEPARTMENT OF SOCIAL & HEALTH SERVICES, et al.,<br><br>Defendants. | Case No. CV05-5117RBL<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION |

    This matter is before the Court on Plaintiffs' Motion for Reconsideration [Dkt. #76]. The Court has reviewed and considered the Motion.

    Under Local Rule 7, Motions for Reconsideration are disfavored, and will ordinarily be denied absent a showing of manifest error, or a new factual or legal basis which could not have been raised earlier. Local Rule 7(h). This standard has not been met in this case, and the Court will not Reconsider its prior ruling [Dkt. #74].

    Taken in order, the Plaintiffs' arguments are as follows:

    First, Plaintiffs' Motion for Reconsideration responds to several issues not raised by Defendants until the day before oral argument [Dkt. #70]. Plaintiffs' maintain that Defendants' delay prevented Plaintiffs from bringing their arguments to the Court's attention at an earlier time.

ORDER- 1

Plaintiffs' argument is not well taken.  Defendants did not raise these arguments until the day before oral argument because Plaintiffs were one month late in filing their Response [Dkt. #67].  Plaintiffs' unexplained tardiness left Defendants with no option other than filing their Reply the day before oral argument.  The Plaintiffs' timeliness argument is not persuasive.

Second, Plaintiffs' dispute the Court's dismissal of all claims against Defendant PRSN and the Defendant Counties based on the Settlement Agreement of August 1, 2002.  Section II, ¶2.0, specifically states that the "[Settlement] Agreement is for the purpose of compromising and settling *all claims ... related to* inpatient mental health services provided to Ashlee Gustason at the National Deaf Academy [NDA] ... from January 24, 2002 to June 14, 2002." (emphasis added).  Additionally, Section II, ¶3.0, expressly references the impact of the Settlement Agreement on the future role and obligation of PRSN.[1]  In the present action the Plaintiffs seek compensation for emotional distress resulting from their attempts to enroll Ashlee at the NDA.  Plaintiffs' contemporaneous interactions with PRSN *related to* the time period specified in the Settlement Agreement, and serve as the basis for the asserted claims.  As a matter of law, the Settlement Agreement releases all Defendants from the claims asserted by Plaintiffs in this action.

Third, Plaintiffs ask the Court to reconsider the conclusion that Gerilee Gustason's federal claims against DSHS are time barred.  Specifically, Plaintiffs ask the Court to apply a 60-day state statutory notice tolling provision to Gerilee's federal claims, arguing that failure to do so would thwart the Congressional remedy.  RCW 4.92.110.  This Court disagrees.  The Supreme Court has held that state notice-of-claim statutes are inapplicable in instances where they are restrictive and significantly curtail the availability of federal claims.  *Felder v. Casey*, 487 U.S. 131 (1988).  Conversely, *Felder* does not hold that Congressional remedies are thwarted by a refusal to apply

---

[1]Moreover, in a letter dated June 4, 2002, Plaintiffs' counsel was clearly informed that Defendants' position was that the Settlement Agreement operated "to release [DSHS] and [PRSN]...." Plaintiffs did not take issue with this statement or request clarification prior to entering into the Agreement.

ORDER- 2

state notice-of-claim statutes that expand the availability of federal claims. Furthermore, Plaintiffs cite no authority directing adoption of state notice-of-claim statutes where such statutes serve to enlarge the window of time[2] available to plaintiffs bringing federal claims.

Next, Plaintiffs contend the Court erroneously refused to apply the relation back doctrine to the addition of the originally unnamed Defendant PRSN. Fed. R. Civ. P. 15(c). To warrant application of this doctrine, Plaintiffs must demonstrate that they "made a mistake of identity in failing to sue [PRSN]." *Louisiana-Pacific. Corp v. ASARCO, Inc.*, 5 F.3d 431, 434 (9th Cir. 1993). In the present Motion Plaintiffs present new evidence supporting application of the relation back doctrine. However, all claims against PRSN are barred regardless of the analysis under the relation back doctrine because of the Court's earlier ruling regarding the Settlement Agreement, and because of the holding of no discrimination as a matter of law.

The Court previously ruled that Defendants' failure to provide services for which there was no formal qualification is not discriminatory as a matter of law. Ashlee never received formal qualification for the long-term residential treatment she sought because Plaintiffs never submitted a voluntary application for long-term inpatient treatment and Ashlee was not involuntarily committed. As already discussed, any claims by Plaintiffs regarding sending Ashlee out-of-state or providing the sought after services in-state are encompassed by the Settlement Agreement. The Court will not reconsider its prior ruling on this issue.

---

[2] Plaintiffs also incorrectly contend that the Court dismissed Ashlee's claims against PRSN as time barred. Footnote 10 on page 13 of the Court's prior ruling [Dkt. #74] expressly omits Ashlee from the entire statute of limitations analysis, on the basis of her status as a minor at the time the action was filed.

ORDER- 3

For these reasons, IT IS ORDERED that Plaintiffs' Motion for Reconsideration [Dkt. #76] is DENIED.

DATED this 26th day of April, 2006.

_Ronald B. Leighton_
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

ORDER- 4